Dear Mayor Ferguson:
This office is in receipt of your request for an opinion of the Attorney General in regard to a nuisance ordinance of the Village. You indicate residents are complaining about a business located near them that trains dogs which they find causes a disturbance. You ask what can be done about the situation, and, what legal action can be taken.
Pursuant to Ordinance Sec. 21-13-1, "Nuisance" is defined by referring to the prohibitions contained in Articles 664 through 674 of the Louisiana Civil Code, and Sec. 21-13-1, which is an illustrative enumeration, includes, "All unnecessary or unauthorized noises and annoying vibrations, including animal noises." Sec. 21-13-3 provides, "It shall be unlawful for any person to cause, permit, maintain or allow the creation or maintenance of a nuisance". Following a notice to abate as prescribed by the ordinance, it is set forth that upon the failure to comply, an officer shall proceed to abate such nuisance, and prepare a statement of costs incurred thereby for which a lien for the costs shall be filed against the property, proven and collected as provided for by law.
We note in an earlier opinion of this office a similar question was presented, Atty. Gen. Op. No. 80-1392. A dog salon was located within a residential area and this office was asked to render an opinion concerning the applicability of the Dodson City Ordinance. C.C. Art. 669 was quoted in the opinion as follows:
 If the works or material for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.
It was further noted that the governing authority had the power to prevent, remove and abate nuisances and such had been enacted by a city ordinance for the removal and abatement of nuisances.
This office observed the following:
 One could reasonably conclude that because of the odors and noises emanating from the dog salon located within the residential area, the dog salon constitutes a nuisance. Therefore, applying the statute and articles quoted above, it is our opinion that Ordinance Number 29 is applicable to your particular situation and is enforceable.
It was further observed while enforcement of the City Ordinance may solve the problem, a better approach would be enforcement or enactment of a zoning ordinance regulating the types of establishments which may be located in residential areas.
While your ordinance may be enforceable, we note that the ordinance designates a nuisance as "unnecessary" noise, and the courts have recognized whether or not activity constitutes a nuisance is a question of fact dependent upon the circumstances of each particular case. The court found noise constitutes a nuisance subject to action for damages and injunctions "when the noise is excessive, unreasonable in degree, and of such character as to produce actual physical discomfort and annoyance to a person of ordinary sensibilities." Thornburg v. McMillin,392 So.2d 1119, (La.App 1980), cert denied, 399 So.2d 599.
We find the conclusions reached in the earlier opinion can be applied to your situation. Your ordinance may be followed to abate a "nuisance", or have a zoning restriction enacted and enforced. However, if a nuisance exists in the present situation is a question of fact that this office cannot determine, but we note that the ordinance provides for a request for a hearing prior to abatement and assessment of costs which can resolve the factual issue.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR